UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ISEBELL BRANNEN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:13CV1251 JAR |
| | ) |
| ETHICON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiffs' Motion to Remand ("Motion") (ECF No. 6). This motion is fully briefed and ready for disposition.

**BACKGROUND**

On or around June 27, 2012, the Brannen[1] Plaintiffs filed their Petition (hereinafter "Complaint" or "Compl."; ECF No. 5) against Defendants in the Circuit Court of the St. Louis City, State of Missouri. Plaintiffs allege a product defect case in connection with the "development, design, testing, labeling, packaging, promoting, advertising, marketing, distribution, and selling of Defendants' Gynecare Transvaginal Tape mesh products, which include Gynecare TVT, Gynecare TVT-O and Gynecare TVT-S[.]" (Compl., ¶1).

The Brannen Plaintiffs filed their initial Motion for Assignment of Trial Judge in the above styled action on February 15, 2013. Within their Motion for Assignment, Plaintiffs petitioned the state court to assign not only Brannen but also "several state actions against manufacturers of other

---

[1] Like the parties, the Court refers to these actions individually by the names of the first named plaintiffs, Isebell Brannen, Elynda Valle, and Kelly Strantz, and collectively as "the Ethicon cases". Brannen, Valle and Stranz all are matters filed solely against the same Defendants.

mesh products, namely Defendant Coloplast, American Medical Systems, and Boston Scientific" to a single "trial judge." (ECF No. 1-4). When Plaintiffs filed the Motion for Assignment in February, neither Valle, nor Stranz had been filed. On June 3, 2013, plaintiffs filed a Motion for Assignment of Trial Judge in the Valle state court proceeding. (Notice of Removal, ¶3; ECF No. 1-3). In that motion, the plaintiffs asked that the Ethicon cases—Valle (66 plaintiffs), Brannen (81 plaintiffs), and Strantz (34 plaintiffs)—be assigned to a single trial judge. Defendants contend that this was the first time that the plaintiffs sought the joint trial of 100 or more plaintiffs. (Id.). The motion to assign the Ethicon cases to a single trial judge was heard on June 6, 2013, at the same time as identical motions filed in cases against three other mesh manufacturers, Boston Scientific Corporation, American Medical Systems, Inc., and Coloplast Corporation. (Notice of Removal, ¶6). On June 6, 2013, Judge Philip D. Heagney heard arguments on motions to assign cases in Dawn Atwell, et al. v Boston Scientific, et al.; Sarah Aldridge, et al. v. American Medical Systems, Inc.; Doris Johnson, et al. v Coloplast Corporation, et al.; and Brannen v. Ethicon, et al. (ECF No. 6-1 at 2). At the June 6, 2013 hearing, the plaintiffs detailed the process the proposed:

> Our request is simple. We want it assigned to one judge, and each one of those cases will proceed individually according to the Missouri Rules of Civil Procedure, and if that judge who is assigned to all of those cases wants to discuss making other procedures, I guess that's up to that judge.

(ECF No. 6-1at 2). However, the plaintiffs' counsel also stated:

> [O]ur motion is to have it assigned to the judge that's going to try the case because of the complexity that's going to occur all the way through, that he should be the one to marshal how the cases is going to be developed. … So it makes no sense for me to try to tell this Court what would be the best way to go and the protocol. That's going to be up to the judge that's going to end up hearing the pretrial motions and ultimately try the case. You'll understand, your Honor, and you probably found out, we've got multiple plaintiffs. There's going to be a process in which to select the bellweather case to try, okay.

(ECF No. 1, ¶7).

Defendants filed their Notice of Removal on July 1, 2013.  In the Notice of Removal, Defendants assert that these cases are a "mass action" under the Class Action Fairness Act of 2005 ("CAFA") and therefore there is federal court jurisdiction.  (ECF No. 1 at 3); 28 U.S.C. §§1332(d), 1453(a) and (b).  "[T]he term 'mass action' means any civil action … in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact," §1332(d)(11)(B)(i), but does not include an action in which "the claims have been consolidated or coordinated solely for pretrial proceedings," §1332(d)(11)(B)(i)(IV).  "Although plaintiffs in a mass action, unlike in a class action, do not seek to represent the interests of parties not before the court, CAFA provides that a qualifying mass action 'shall be deemed to be a class action' removable to federal court under the Act, so long as the rest of CAFA's jurisdictional requirements are met." Tanoh v. Dow Chem. Co., 561 F.3d 945, 952 (9th Cir. 2009, citing 28 U.S.C. § 1332(d)(11)(A); Lowery v. Alabama Power Co., 483 F.3d 1184, 1195 (11th Cir. 2007)("'[A] mass action shall be deemed to be a class action' subject to certain other CAFA provisions.").  CAFA "confers federal jurisdiction over class actions where, among other things, 1) there is minimal diversity; 2) the proposed class contains at least 100 members; and 3) the amount in controversy is at least $5 million in the aggregate." Raskas v. Johnson & Johnson, 719 F.3d 884, 886-87 (8th Cir. 2013); Plubell v. Merck & Co., 434 F.3d 1070, 1071 (8th Cir.2006) (citing 28 U.S.C. § 1332(d)).  The parties do not dispute that the required minimal diversity of citizenship exists and the amount in controversy exists (whether measured in the aggregate or viewed on a plaintiff-by-plaintiff basis).  (ECF No. 7 at 6).

## STANDARD FOR REMOVAL/MOTION FOR REMAND

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand."  Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at

Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075, 139 L. Ed. 2d 753, 118 S. Ct. 852 (1998)).   The party seeking removal and opposing remand has the burden of establishing jurisdiction.   Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d 904, 912 (8th Cir. 2009).

## **DISCUSSION**

The primary issue before us is whether three individual state court actions, each with fewer than one hundred plaintiffs, should be treated as one "mass action" eligible for removal to federal court under CAFA.  A "mass action" includes the claims of at least one hundred plaintiffs "proposed to be tried jointly." § 1332(d)(11).   In addition, Plaintiffs also contend that the notice of removal was untimely.

A.  Timely Filed

Plaintiffs assert that this case must be remanded because Defendants' Notice of Removal was untimely.   28 U.S.C. §1446(b)(1) requires a defendant to file a notice of removal within 30 days after the receipt by the defendant of the pleading upon which removal is based.

In Atwell v. Boston Scientific Corporation, No. 13-8031 (8th Cir. Nov. 18, 2013), the Eighth Circuit addressed this precise issue.   Atwell was one of the vaginal mesh cases discussed during the June 6, 2013 hearing in St. Louis City Circuit Court.   The Atwell defendants removed that action to federal court, and the district court judge granted the motion to remand.   On appeal pursuant to 28 U.S.C. §1453(c)(1), the Eighth Circuit reversed the district court and held that federal court jurisdiction was proper under CAFA's mass action provision.

In Atwell, the Eighth Circuit noted that "[t]he thirty-day time limit begins running when a plaintiff 'explicitly discloses' she is seeking a remedy that affords a basis for federal jurisdiction." Atwell, at 4 (citing Knudson v. Sys. Painters, Inc., 634 F.3d 968, 974 (8th Cir. 2011)).   The Eighth Circuit held that "plaintiffs' assignment motions attempted to limit their request to coordination of

pretrial proceedings, which would keep the cases outside the definition of a mass action." Atwell, at 4, citing 28 U.S.C. §1332(d)(11)(B)(ii)(IV).  The Eighth Circuit held that it was "[o]nly when plaintiffs' attorneys made clear the extent of consolidation being sought at the state court motions hearing did Boston Scientific have a basis for removal." Atwell, at 4.  The Eighth Circuit determined that plaintiffs' counsel's oral statements, when transcribed, satisfied §1446(b)(3)'s "other paper" requirement.  Id.

As instructed in Atwell, the Court holds that removal was timely because it was done within 30 days of the hearing on the Motion for Assignment of Trial Judge on June 6, 2013.  The court holds that the February 15, 2013 motion did not propose to try jointly more than 100 plaintiffs' claims for monetary relief against Defendants.  Rather, the motion sought to join cases that were filed against other, unrelated defendants.  (ECF No. 7 at 5).  It was not until the June 3, 2013 Motion for Assignment of Trial Judge, where the plaintiffs proposed that the claims of more than 100 plaintiffs against these Defendants should be assigned to a single "trial judge" or until the June 6, 2013 motion hearing that the plaintiffs "explicitly disclose[d]" that they were seeking to consolidate these cases for trial.  In either event, the Court finds that Defendants' Notice of Removal was timely and, therefore, denies the Motion to Remand on this basis.

B.  Tried Jointly

Although CAFA contains language that claims "consolidated or coordinated solely for pretrial proceedings," do not qualify as "mass actions" 28 U.S.C. § 1332(d)(11)(B)(ii)(IV), the Eighth Circuit has instructed that the instant situation is distinguishable.  In Atwell, the Eighth Circuit held that "the motions for assignment to a single judge filed by the three plaintiff groups to the same state circuit court, combined with plaintiffs' candid explanation of their objectives, required denial of the motions to remand." Atwell, at 10.  These factors are all present in the instant case.  In the June 3, 2013 motion and at the June 6, 2013 hearing, Plaintiffs' counsel

indicated their intent to consolidate the cases for one judge for trial.  Therefore, the Court finds that removal was proper under 28 U.S.C. §1332(d)(11) and denies the Motion to Remand.  See Atwell, at 10; Stranz v. Johnson & Johnson, Inc., No. 13CV1247RWS, slip op. No. 31) (E.D. Mo. Dec. 11, 2013).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff''s Motion for Remand [6] is **DENIED**.

Dated this 30th day of December, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE